**Ferman Almeyner REYES LOPEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–72613.**

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 23, 2004.

Rhoda Wilkinson Domingo, Esq., Law Office of Rhoda Domingo, San Francisco, CA, for Petitioner.

---

Petitioner's motion to hold the case in abeyance.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Michael T. Dougherty, U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM **

Ferman Reyes–Lopez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance, without opinion, of an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). This Court has jurisdiction under 8 U.S.C. § 1252. Due process violations in immigration proceedings are reviewed de novo, *Lopez–Urenda v. Ashcroft,* 345 F.3d 788, 791 (9th Cir.2003), and we review for substantial evidence both the denial of asylum, *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and the denial of CAT relief, *Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir.2003). We deny the petition for review.

Petitioner's challenge to the BIA's streamlining procedures is without merit. *See* 8 C.F.R. § 3.1(a)(7)(ii); *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

We hold that the IJ's adverse credibility finding was not supported by substantial evidence. This Court will not uphold an adverse credibility finding based on minor

inconsistencies, or where, as here, the IJ neglects to explain the significance of the discrepancy. *See Bandari v. INS,* 227 F.3d 1160, 1166 (9th Cir.2000).

Yet, even taking Petitioner's testimony as true, we conclude that substantial evidence supports the IJ's conclusion that Petitioner did not establish past persecution or a well-founded fear of future persecution. First, Petitioner failed to establish that had experienced sufficiently severe treatment at the hands of the guerrillas on the basis of a protected ground. *See Elias–Zacarias,* 502 U.S. at 482. Second, he failed to show "by credible, direct, and specific evidence in the record," that he had a well-founded fear that the guerrillas would persecute him in the future on the basis of his political opinion, rather than simply because he refused to join the guerrillas. *Id.*

Because Petitioner did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003). Furthermore, the IJ properly denied Petitioner's CAT claim, because Petitioner failed to demonstrate that it was more likely than not that he would be tortured if removed to Guatemala. *See* 8 C.F.R. § 208.16(c)(2); *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). Accordingly, the IJ properly concluded that Petitioner was ineligible for relief from removal.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.